UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. REUBEN SETLIFF, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2025-B |
| | § | |
| ZOCCAM TECHNOLOGIES, INC., and | § | |
| ASHLEY L. COOK, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Zoccam Technologies, Inc. ("Zoccam") and Ashley L. Cook ("Cook") (collectively, "Defendants")'s Motion for Sanctions Under Rule 11(c)(2) (Doc. 34). For the following reasons, the Court **DENIES** the motion.

### I.

### BACKGROUND[1]

Defendants filed their motion for sanctions against Plaintiff Dr. Reuben Setliff ("Setliff") and his counsel, law firm Glast, Phillips & Murray, P.C. ("GPM"), on January 31, 2022, along with an accompanying appendix. *See* Doc. 34, Mot.; Doc. 35, App. The appendix includes a letter sent to Plaintiff's counsel via email on January 7, 2022, that contained a copy of the Motion for Sanctions. Doc. 35, App., 1–6 (reading "Via E-Mail" at the top of the letter). Because Defendants emailed their motion to Plaintiff's counsel, the Court ordered further briefing to determine "whether [Defendants] properly served their motion for sanctions according to Rule 5." Doc. 63, Order, 2.

---

[1] The Court recounts the information relevant to this motion. For a fuller discussion of the parties' dispute *see Setliff v. Zoccam Techs., Inc.*, 2022 WL 504395, at *1–2 (N.D. Tex. Feb. 18, 2022).

The motion is fully briefed and ripe for review. Because Defendants failed to strictly comply with the service requirements for a Rule 11 motion for sanctions, their motion is **DENIED**.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 permits a party to move for sanctions when a non-moving party improperly certifies that "a pleading, written motion, or other paper . . . is not being presented for any improper purpose . . . ; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ; the factual contentions have evidentiary support . . . ; [or] the denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b), (c)(2) "[A] district court should 'evaluate[ ] an attorney's conduct at the time a pleading, motion, or other paper is signed.'" *Tejero v. Portfolio Recovery Assocs.*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc) (quotation omitted)). And "[a] court may not award attorney's fees *sua sponte* under Rule 11, . . . [t]here must first be a Rule 11 motion, or an order to show cause under Rule 11(c)(3)." *Id.*

## III.

## ANALYSIS

Defendants argue that several of Plaintiff's claims in the Amended Complaint (Doc. 16) lacked evidentiary support and presented frivolous arguments. Doc. 34, Defs.' Mot., 11. They ask the Court to dismiss these claims with prejudice and award reasonable attorneys' fees for defending against these claims and preparing the present motion. *Id.* at 12–13.

Before addressing the substance of Defendants' motion, the Court must first address the procedural issue identified in this Court's prior Order. Doc. 63, Order. Defendants contend that their

email to Plaintiff's counsel sufficiently "served" them to give notice of the alleged Rule 11 violations and trigger the twenty-one-day safe-harbor provision to allow them to withdraw or correct their improper contentions. Doc. 65, Suppl. Br., 1–2. Plaintiff also "waived any complaint about a technical defect in service" and the Fifth Circuit "has never held the service . . . requirement cannot be waived," according to Defendants. *Id.* 1–3.

Plaintiff and GPM contend that the Fifth Circuit requires strict compliance with Rule 11 and that Defendants admit that their email does not strictly comply with the service requirements. Doc. 68, Resp., 1–2. Plaintiff and GPM argue the converse of Defendants' waiver argument—that "[t]he Fifth Circuit has also never held Rule 11's requirement for strict compliance with Rule 5 *can be waived.*" *Id.* at 2.

The Court agrees with Plaintiff and GPM. Rule 11(c)(2) states:

> A motion for sanctions *must* be made separately from any other motion and *must* describe the specific conduct that allegedly violates Rule 11(b). The motion *must* be served under Rule 5, but it *must* not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). Specifically, Rule 11 requires the movant to serve the motion on the nonmovant in accordance with Rule 5. *Id.* Only after serving the motion and affording the nonmovant twenty-one days to take remedial measures—the "safe harbor"—may the moving party file their motion with the court. *Id.*; *Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018) (quoting *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)).

Rule 5 reads:

> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

>   (2) Service in General. A paper is served under this rule by:
>      (A) handing it to the person;
>      (B) leaving it:
>         (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>         (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>      (C) mailing it to the person's last known address—in which event service is complete upon mailing;
>      (D) leaving it with the court clerk if the person has no known address;
>      (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
>      (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b). Defendants sent the Rule 11 motion for sanctions to Plaintiff and GPM via email to GPM over twenty-one days before filing the motion with the Court. Doc. 35, App., 1–6. However, Rule 5 does not explicitly authorize service by email, *see* Fed. R. Civ. P. 5(b), and Defendants admit to not having an agreement in writing with Plaintiff and GPM to serve them via email. *See* Fed. R. Civ. P. 5(b)(2)(F). Thus, Defendants did not properly serve Plaintiff and GPM with the motion as Rule 11 requires. *See* Fed. R. Civ. P. 11(c)(2); *Hoffman v. Bailey*, 2017 WL 1494495, at *2–3 (E.D. La. April 26, 2017) ("[T]he [plaintiffs] have not shown that [defendant] or his previous counsel consented in writing to be served through electronic means as required by Rule 5(b)(2)(E) or that such informal notice would satisfy the service requirements of Rule 11.").

The text of Rule 11 and accompanying advisory committee note to the Rule make clear that service must comply with Rule 5. The text of Rule 11 plainly states that a motion for sanctions "*must* be served under Rule 5." *Id.* (emphasis added). The word "must" means "obliged or required to" or

"necessary." *Must*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/view/Entry/124229?rskey=EzTe12&result=7#eid (last visited April 7, 2022). Thus, the text clearly means Defendants were obliged, required, or necessarily had to serve the motion according to Rule 5. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 768 (6th Cir. 2014) ("Thus, not only Rule 11's text, but also '[p]ragmatic realities require such strict adherence to the rule's outlined procedure.'" (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997))); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004) ("[T]he safe-harbor provisions of Rule 11 are inflexible claim-processing rules."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("[T]he Rule requires service of a motion."). Further, the advisory committee note to the 1993 amendment to Rule 11 strongly implies the necessity of service. In every reference to the delivery of the motion to the non-moving party, the note uses the term "serve." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (using the following phrases: "should be served," "should not be served," "cannot delay serving," "after being served," "begins to run only upon service," and "before proceeding to prepare and serve"). Of particular significance, the note discusses the "safe harbor" period in detail. *Id.* "[T]he 'safe harbor' period begins to run only upon service of the motion" and only "after being served" may the moving party file the motion with the Court. *Id.* Thus, according to the text of the Rule and accompanying advisory committee note, the "safe harbor" period has not begun to run for Plaintiff and GPM because they have not been served the motion. *See id.*

The Court must now determine whether Plaintiff and GPM forfeited any argument against ineffectual service and, more importantly, whether a party may waive the requirements of Rule 11 by not raising the argument at the proper time. *See* Doc. 65, Suppl. Br., 1–3 (arguing for waiver of the service requirement). Because neither party raised the issue, the Court *sua sponte* ordered further

briefing on the issue with service after the parties fully briefed the motion. Doc. 34, Mot.; Doc. 46, Resp.; Doc. 61, Reply; Doc. 63, Order. Assuming arguendo that Plaintiff and GPM forfeited the argument, they would be considered to have waived the service requirement because Defendants "substantially complied" with Rule 11. *See Rollins v. Home Depot*, 8 F.4th 393 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . .").

However, "[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11" and thus, not waivable in the Fifth Circuit. *In re Pratt*, 524 F.3d at 588 (first citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); and then citing *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000)). This is directly at odds with the Seventh Circuit, which has held a party must only *substantially comply* with the twenty-one-day safe harbor and the nonmovant may waive compliance. *United States v. Rogers Cartage Co.*, 794 F.3d 854, 863 (7th Cir. 2015). But this Court is bound to follow the law of this circuit and the Fifth Circuit requires strict compliance—without waivers—and not substantial compliance with the Rule. *See In re Pratt*, 524 F.3d at 588.[2]

The Court finds the case cited by Defendants supports this Court's holding. In *Askins*, the Fifth Circuit reversed a district court award of sanctions because the movant failed to comply with the safe harbor provision. *Askins*, 713 F. App'x at 381. The movant emailed the nonmovant without a copy of the motion and "stating that the lawsuit was 'frivolous and vexatious'" more than twenty-one days before filing the motion. *Id.* at 380. The court's analysis focused on the fact that the movant

---

[2] The Court finds the Defendants' case for waiver similarly unavailing. In *E & J Gallo Winery*, the parties were involved in a discovery dispute and one party argued that the other party failed to comply with Rule 5(b)(2)(D)'s service requirement for notice of a deposition. *E & J Gallo Winery v. Encana Energy Servs., Inc.*, 2005 WL 6408198, at *37 (E.D. Cal. July 5, 2005), *reconsideration denied*, 2005 WL 3710352 (E.D. Cal. Aug. 15, 2005). The court found the objecting party waived their right to service under Rule 5 because they consented to service by email under the applicable local rule, which is an authorized exception to Rule 5. *Id.* Such a local rule is not at issue here.

failed to attach a copy of the motion to his email, which was fatal to the motion because the Rule requires strict compliance. *See id.* at 381. The court did not hold that an email with a copy of the motion would have complied with the safe harbor provision as Defendants aver. Doc. 65, Suppl. Br., 3. In fact, when describing the noncompliance, the court stated "[t]here is no indication in . . . Rule 11 . . . or in the advisory notes to support [the] contention that a motion for sanctions may be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance." *Askins*, 713 F. App'x at 381 (quoting *In re Pratt*, 524 F.3d at 588). While the court emphasized the word "copy" and focused on this failure in the analysis, the court's text also requires service of the copy and does not imply a party may waive this requirement.

Thus, even though Defendants substantially complied with the requirements of the Rule, "[s]ubstantial compliance . . . is not sufficient." *Grimes v. Avis Budget Grp., Inc.*, 2020 WL 8083692, at *2 (N.D. Tex. Dec. 2, 2020). Defendants have the burden of establishing compliance with Rule 11's twenty-one-day safe harbor, and a court appropriately denies a nonconforming motion. Accordingly, the Court **DENIES** Defendants' motion.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions (Doc. 34) is **DENIED**.

**SO ORDERED**.

**SIGNED: April 12, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE