UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DR. REUBEN SETLIFF, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-2025-B |
| § | |
| ZOCCAM TECHNOLOGIES, INC., and § | |
| ASHLEY L. COOK, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Dr. Reuben C. Setliff III ("Setliff")'s Motion for Leave to File Corrected Second Amended Complaint ("Corrected SAC"). For the following reasons, the Court **DENIES** Setliff's Motion. Defendants Zoccam Technologies, Inc. ("Zoccam")'s and Ashley L. Cook ("Cook")'s (collectively, "Defendants") responsive pleadings to the Second Amended Complaint are due twenty-one (21) days from the date of this Order.

### I.

### BACKGROUND[1]

Setliff filed his original complaint on August 26, 2021. *See* Doc. 1, Compl. Defendants filed separate motions to dismiss and Setliff, in response, filed an amended complaint on November 5, 2021. *See* Doc. 16, Am. Compl. The Court granted in part and denied in part the Defendants' subsequent motions to dismiss the amended complaint on February 18, 2022, and gave Setliff thirty days to replead his dismissed claims. *See Setliff v. Zoccam Techs., Inc.*, 2022 WL 504395, at *16 (N.D.

---

[1] The Court recounts the information relevant to this motion. For a fuller discussion of the parties' dispute *see Setliff*, 2022 WL 504395, at *1–2.

Tex. Feb. 18, 2022). On March 3, 2022, the Court entered a Scheduling Order setting the parties' agreed to date of March 31, 2022, as the deadline to amend the pleadings. Doc. 51, Scheduling Order, 1; Doc. 50, Joint Status Report, 9. Setliff moved for an extension of time to file his Second Amended Complaint ("SAC") no later than April 1, 2022, Doc. 62, Mot. Extend Time, and the Court granted the motion. Doc. 64, Elec. Order. On April 1, 2022, Setliff filed his SAC. *See* Doc. 67, SAC. One week later, Setliff moved to file a Corrected SAC, which Defendants opposed. Doc. 69, Mot., 9. Pending resolution of the motion to file the Corrected SAC, the Court stayed Defendants' deadline to respond to the original SAC. Doc. 80, Elec. Order. The motion is fully briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARDS

A.   *Rule 16(b) Standard*

"Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Under Federal Rule of Civil Procedure 16(b) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court considers four factors when evaluating good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

*B.     Rule 15(a) Standard*

Upon demonstration of good cause under Rule 16(b), the court will then apply "the more liberal standard of Rule 15(a) [in] deci[ding] to grant or deny leave." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Although Rule 15 indicates "a bias in favor of granting leave to amend, it is not automatic." *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 314 (5th Cir. 1996) (quotation marks and citations omitted). A district court must have a "substantial reason" to deny leave, but the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted). In applying its discretion, the Court considers several factors, including: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.* (quoting *Foman*, 371 U.S. at 182).

### III.

### ANALYSIS

Below, the Court applies the Rule 16(b) factors to Setliff's motion. Because the Court finds the factors weigh in favor of Defendants, it **DENIES** the motion.

Setliff argues that (1) he did not fail to comply and only seeks "leave to correct minor matters"; (2) "this case remains in its infancy" because discovery just began; (3) he faces "significant" prejudice because the amendments are an attempt "to stave off another round of . . . Rule 11 motion practice"; and (4) no continuance is required because "the corrections are minimal" and the Defendants will still have fourteen days to respond. Doc. 69, Mot., 3–4. He further avers that his Corrected SAC—filed one week after his SAC was filed—does not offend the purpose of Rule 16, which guards against late amendments before trial or after the close of discovery. Doc. 82, Reply, 2. He also contends that his Corrected SAC does not contain any new causes of action, and "Defendants have not answered any pleadings," which might prejudice them. *Id.* at 2–3. Setliff further argues that his case resembles *Papa Berg, Inc. v. World Wrestling Ent., Inc.* where this Court allowed an amendment to the complaint seventy days after the deadline for amendment. *Id.* at 3 (citing 2013 WL 6159296 (N.D. Tex. Nov. 25, 2013)).

Defendants argue that Setliff fails to satisfy Rule 16(b)'s four "good cause" factors. Doc. 81, Resp., 5–8. First, Defendants contend that the changes in the Corrected SAC are "additive, not corrective" and "contain[ ] new factual allegations and . . . substantive changes that would impact the case's posture," such as verifying his derivative claims. *Id.* at 5–6. Second, Setliff fails to "explain why his corrections are essential" or why he failed to include them in his three prior complaints, according to Defendants. *Id.* at 6–7. Third, Defendants contend that they "would suffer prejudice were Setliff permitted to change his case theories for the fourth time." *Id.* at 7. Lastly, a continuance

will be needed to afford Defendants an opportunity to adequately respond to the Corrected SAC. *Id.* at 7.

Both parties agree that the more stringent Rule 16(b) standard applies before the more liberal Rule 15(a) standard would apply. Doc. 81, Resp., 5, 8; Doc. 82, Reply, 2, 4. *See also Squyres*, 782 F.3d at 238 ("[B]ecause [plaintiff] sought to amend his pleadings after the deadline set in the scheduling order, [plaintiff] had to satisfy Rule 16(b)'s standard and again demonstrate that he could not reasonably have met this deadline despite exercising diligence."). Accordingly, the Court will address the Rule 16(b) factors. Because Setliff fails to satisfy these factors, the Court need not also address the Rule 15(a) factors.

First, despite Setliff's contention to the contrary, he failed to comply with the Court's Scheduling Order and this Court's prior Order. The Scheduling Order established March 31, 2022, as the deadline to amend the pleadings. Doc. 51, Scheduling Order, 1. However, the Court's February 18, 2022, Memorandum Opinion and Order required Setliff to file an amended complaint by March 20, 2022. Doc. 45, Mem. Op. & Order, 34. The Court then granted Setliff an extension to file his Second Amended Complaint by April 1, 2022. Doc. 64, Elec. Order. Thus, the Court gave Setliff an additional twelve days to file an amended complaint. Seven days beyond the extended deadline, he filed the instant motion to further amend his complaint. *See* Doc. 69, Mot. Setliff's couching of the amendment as merely correcting the SAC is not a reason for his failure to comply with the Court's Scheduling Order. This factor heavily weighs in favor of Defendants.

Second, Setliff does not state why the modification is important to his case but continually downplays the need to correct his pleadings by labeling the changes as clarifications, standardizations, corrections of typographical errors, and one added verification. *See* Doc. 69, Mot., 1–2. Only for the

added verification does Setliff provide any import—"assuming a verification is required in the circumstances." *Id.* at 2. Because Setliff fails to explain the importance of all his modifications, this factor is neutral.

Third, the modification might prejudice Defendants. The most significant modification to the pleading by Setliff, the added verification, potentially eliminates one of Defendants' arguments against the derivative claims. *See* Fed. R. Civ. P. 23.1(b) ("The complaint must be verified."). Further, even though Setliff does not add any additional claims, *see Filgueira*, 734 F.3d at 423–24 (affirming the denial of a motion to amend the complaint in part because the amendment raised new causes of action), many of the amendments add substance to the claims. *See* Doc. 69, Mot., Ex. B ¶ 44 (new paragraph), ¶¶ 50–55 (rewriting the entire section and adding paragraphs), ¶ 98 (adding full sentences). Therefore, this factor slightly weighs in favor of Defendants.

Lastly, a continuance would not cure the prejudice to the Defendants. Allowing Setliff to amend his complaint potentially denies Defendants an argument against his derivative claim. This "cannot be ameliorated by a continuance." *See Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 F. App'x 425, 429 (5th Cir. 2016). Thus, this factor also slightly weighs in favor of Defendants.

Three of the factors weigh in favor of Defendants and the other is neutral. Therefore, the Court finds that the factors weigh against allowing the amendment.

Further, this case is not like the *Papa Berg* case cited by Setliff. *See* 2013 WL 6159296. There, this Court granted a motion to amend the complaint when the plaintiff filed their motion seventy-seven days after a thirty-day repleading deadline set by a court order, but before the scheduling order's deadline to amend the pleading. 2013 WL 6159296, at *1, *5. The plaintiffs' prior counsel neglected to inform them of the dismissal of their claims within the thirty-day deadline to replead.

*Id.* at *5. After hiring new counsel, the plaintiffs filed their amended complaint before the scheduling order deadline. *Id.*

Here, the Scheduling Order deadline passed on April 1, 2022, and Setliff now seeks amendment after this deadline. Doc. 51, Scheduling Order, 1. Further, Setliff provides no reason for delay like the prior counsel's neglect in *Papa Berg*. *See* 2013 WL 6159296, at *5. Thus, *Papa Berg* is inapposite to the instant case.

Because Setliff fails to satisfy the Rule 16(b) standard, the Court need not also address the Rule 15(a) standard. Accordingly Setliff's motion is **DENIED**.

### IV.

### CONCLUSION

For the foregoing reasons, Setliff's Motion for Leave to File Corrected Second Amended Complaint is **DENIED** (Doc. 69). Defendants have twenty-one (21) days to file an answer or motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**SO ORDERED**.

**SIGNED: May 5, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE