IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. REUBEN SETLIFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2025-B |
| | § | |
| ZOCCAM TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

## **<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Zoccam Technologies, Inc. has filed a Motion to Strike Plaintiff's Errata Sheet to His November 29, 2022 Deposition, *see* Dkt. No. 204 (the "Setliff Errata Motion"), and a Motion to Strike Joan Waller's Errata Sheet to Her January 4, 2023 Deposition, *see* Dkt. No. 207 (the "Waller Errata Motion").

United States District Judge Jane J. Boyle has referred both motions to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 224.

In the Setliff Errata Motion, Zoccam explains that, "[o]n November 29, 2022, Setliff's deposition was taken"; that, "[d]uring the course of Setliff's deposition, he made a number of admissions"; and that, "[a]s a consequence of Setliff's deposition, Zoccam moved to amend its answer and counterclaim which this Court granted." Dkt. No. 204 at 7-8.

Zoccam then asserts that,

[f]ollowing Setliff's deposition, he requested several extensions to submit his errata sheet to his November 29, 2022 deposition. Zoccam agreed to Setliff's extension requests. His errata sheet was original due

-1-

on January 5, 2023 and was finally provided on January 18, 2023, almost two weeks later. Setliff's errata sheet reflected nearly 50 substantive and many contradictory changes to his deposition testimony. *See* Errata Sheet, hereto attached as Exhibit 4. These extensions are obviously an attempt to substantially change and contradict his prior testimony which would defeat his claims, even assuming such claims had any merit. Setliff's purported changes reflect a complete about face and contradiction to Setliff's original deposition testimony including that the Setliff Trust purchased and owns the Zoccam stock obtained through the two agreements, Exhibits 1 and 2.

Setliff failed to provide specific reasons for these changes on his errata sheet. *See* Ex. 4. Instead, Setliff offered conclusory, single word characterizations for his numerous changes such as "clarification," "correction," or both. Setliff did not elaborate on to why he failed to provide full, truthful, or correct responses to his testimony in the first place. Subsequently reversing Setliff's original testimony with the label "correction," "clarification," or both does not provide a compliant basis for Setliff's substantive about face or complies with Fed. R. Civ. P. 30(e).

Dkt. No. 204 at 8-9.

In the Waller Errata Motion, Zoccam explains that "Joan and Dan Waller (the 'Wallers') represented Setliff regarding his dispute with Zoccam which culminated in the May 2018 Settlement Agreement and SPA"; that "[t]he Wallers' depositions were taken on January 4, 2023 and they were questioned about events leading up to and after the Settlement Agreement and SPA, and especially their representation of Setliff"; and that "[t]he Wallers are not just any fact witnesses but advocates for Setliff and adversaries to Zoccam.." Dkt. No. 207 at 4.

Zoccam then asserts that "Dan Waller offered no proposed changes to his deposition" but that

Joan Waller ("Joan") provided the opposite. In a 78-page deposition, Joan made 24 changes – most of them substantive and/or adding to her original answer. See Errata Sheet of Joan Waller, hereto attached as Exhibit 1. Like Setliff, Joan's reasons for change almost exclusively were one word conclusions – "clarification" or "correction." [Zoccam's Motion

> does not contest the following errata sheet changes: p. 6:17; p. 15:3; p. 21:4; p. 39:2; p. 44:19; p. 46:1; and p. 61:24.] Joan's "changes" did not comply with Fed. R. Civ. P. 30(e) in providing a specific reason(s) for each change in her deposition testimony.

Dkt. No. 207 at 4-5 (cleaned up).

Zoccam urges that "Setliff's errata sheet must be stricken" or, "[a]lternatively, if Setliff's errata sheet is not stricken, then Zoccam is entitled to the [remedies ordered in other cases] including keeping the original answer in the record and being able to impeach Setliff with his attempt to create self-serving responses that align with his interests." Dkt. No. 204 at 19-20. Zoccam also asserts that it "should also be permitted to reopen Setliff's deposition to address his contradictory changes as well as order Setliff to pay all related expenses." *Id.* at 20.

And Zoccam urges that Joan Waller's "errata sheet must be stricken," or, "[a]lternatively, if Joan's errata sheet is not stricken, then Zoccam is entitled to the [remedies ordered in other cases] including keeping the original answer in the record and being able to impeach Joan with her attempt to create self-serving responses that align with her interests." Dkt. No. 207 at 14. Zoccam also asserts that "Setliff should be precluded from using Joan's errata sheet changes in any summary judgment proceedings." *Id.*

Setliff filed a consolidated response to both motions, *see* Dkt. No. 219, and Zoccam replied that

> Setliff responded to the motion[s] contending that in this circuit, courts allow any changes, even if conclusory reasons are provided, and that Zoccam is sufficiently protected by being able to impeach the witnesses with the changes and if necessary, the witnesses can be deposed again. However, Rule 30(e) requires the deponent to provide reasons for the

changes to a deposition in order to comply with the rule even if the more lenient test applies. Here, Setliff failed to give sufficient reasons to support the significant changes to the depositions.

....

Setliff's and Waller's stated reasons for the changes are conclusory and offer Zoccam no real explanation for the changes.

....

The errata sheets for Setliff and Waller fail to satisfy the rule. As such, this Court should strike the errata sheets. Alternatively, the Court should order Setliff to sit for another deposition, at his cost, so that Zoccam can question him on the changes he made.

Dkt. No. 230 at 1-2, 4, 5.

After carefully reviewing the parties' briefing, the Court grants in part and denies in part Zoccam's Motion to Strike Plaintiff's Errata Sheet to His November 29, 2022 Deposition [Dkt. No. 204] and grants in part and denies in part Zoccam's Motion to Strike Joan Waller's Errata Sheet to Her January 4, 2023 Deposition [Dkt. No. 207] for the reasons and to the extent explained below.

## Legal Standards

Federal Rule of Civil Procedure 30(e) states:

(e) Review by the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

FED. R. CIV. P. 30(e).

The United States Court of Appeals for the Fifth Circuit has held that "Rule

-4-

30(e) does not provide any exceptions to its requirements," including the 30-day time period. *Reed v. Hernandez*, 114 F. App'x 609, 611 (5th Cir. 2004).

And, as the Court has explained,

[c]ourts take three different approaches when a party challenges proposed substantive changes to deposition testimony pursuant to Rule 30(e). The traditional view is that Rule 30(e) permits a deponent to change deposition testimony by timely corrections, even if they contradict the original answers, giving reasons. This least restrictive approach allows substantive changes, but the prior testimony remains a part of the record and can be used for impeachment.

Conversely, [t]he most restrictive approach allows deponents to correct only typographic and transcription errors.

Other courts apply an analysis similar to the "sham affidavit" rule applicable to an affidavit that contradicts the affiant's prior deposition testimony. Under a more flexible, case-specific approach to the sham-affidavit analysis, courts allow contrary errata if sufficiently persuasive reasons are given, if the proposed amendments truly reflect the deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted.

The United States Court of Appeals for the Fifth Circuit has not announced its position with respect to the three approaches. … [A]*ccord Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012) ("Counsel argues on appeal that Relator was entitled to submit an errata sheet and make substantive changes to her deposition under Federal Rule of Civil Procedure 30(e). We do not necessarily disagree, but the only question for our purposes is whether the district court abused its discretion in concluding that Relator's counsel unreasonably and vexatiously multiplied proceedings.").

*Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-MC-11-K-BN, 2015 WL 12731762, at *13-*14 (N.D. Tex. Dec. 9, 2015) (cleaned up).

This Court at that time adopted and

appl[ied] the broad, least restrictive interpretation of Rule 30(e) because it is consistent with Rule 30(e)'s plain language, which expressly contemplates "changes in form or substance" accompanied by a signed statement reciting the reasons for the changes. FED. R. CIV. P. 30(e). As written, Rule 30(e) makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest

-5-

> mistake. While the undersigned wholly agrees that a deposition should not be "a take home examination," the broad approach allows for legitimate corrective changes while implementing adequate safeguards to prevent abuse, including maintaining a record of the changes and the stated reasons for them.

*Andra*, 2015 WL 12731762, at *14 (cleaned up); *see also id.* at *14-*15 ("The undersigned also notes that most of the cases following the sham affidavit approach were decided in the context of a court's determination of a summary judgment motion. Here, allowing Mr. Garcia's testimony, including his errata changes, does not implicate a grant or denial of summary judgment. The changes proposed in the errata sheet, and specifically the changes concerning preservation of metadata and the timing of when p202 provided responsive documents to its counsel, unquestionably alter Mr. Garcia's deposition testimony in substantive and even contradictory respects. But, because the Court should apply the broad interpretation of Rule 30(e), the Court should decline to strike the changes. Instead, the Court should consider both the deposition testimony and the changes in the errata sheet in determining whether p202 violated the Court's Discovery Order and should held in civil contempt and be subject to appropriate judicial sanctions." (cleaned up)).

As courts in this district have explained, the safeguards that accompany the broad approach to changes under Rule 30(e) include "maintaining a record of the changes and the stated reasons therefore, reopening the deposition, and assessing the costs of additional discovery necessitated by the substantive changes against the deponent," *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005), and, more specifically, usually entail that,

> [f]irst, the original answer to the deposition questions will remain part
> of the record and can be read at trial. Such a remedy reduces the
> likelihood of abuse ... because the deponent knows that the original
> answers as well as the changes and the reasons will be subject to
> examination by the trier of fact. Second, if changes made in the
> deposition pursuant to Rule 30(e) make the deposition incomplete or
> useless without further testimony, the party who took the deposition can
> reopen the deposition.

*Atlin v. Mendes*, No. 3:06-cv-1909-L, 2009 WL 306173, at *3 (N.D. Tex. Feb. 6, 2009)

(cleaned up); *accord Sellers v. Pfizer, Inc.*, No. 3:09-cv-1887-F, 2010 WL 11561515, at

*2 (N.D. Tex. Nov. 22, 2010) (explaining that the "take home examination" "concerns

about discovery abuse are ameliorated by adequate safeguards. For example, Rule 30

requires the deponent to list the reasons for making the changes. *See* FED. R. CIV. P.

30(e)(1)(B). This preserves the reasons in the record and allows the parties to assess

the legitimacy and adequacy of those reasons. …. Further, permitting a deponent to

change the testimony does not result in the prior testimony being removed from the

record. *Cf.* FED. R. CIV. P. 30(e)(2) (noting that the changes must be attached to the

certification that accompanies the record of the deposition). …. Reopening the

deposition allows the deposing counsel to ask further questions regarding the changes

and inquire about the origin and reasons for the changes. Some courts even assess

costs and attorney's fees against the party whose actions necessitated the reopening

of the deposition. Courts frequently implement one or both of these remedies – use of

the original answers at trial and reopening the deposition." (cleaned up)).

    Earlier this year, another court in this circuit adopted the broad approach,

explaining that

> Federal Rule of Civil Procedure 30(e) allows the deponent to review the

deposition transcript or recording and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Rule 30(e) places no additional limits on the type of changes or on the range of permissible reasons for making changes. *See Hernandez v. Rush Enters.*, 336 F.R.D. 534, 535 (E.D. Tex. 2020); *see also Glob. Mach. Tech. v. Thomas C. Wilson, Inc.*, Civil No. H-02-0452, 2003 WL 25676467, at *6 (S.D. Tex. Sept. 18, 2003) (finding "no authority within [Rule 30(e)] to deny a deponent the opportunity to make such changes, provided proper procedures were followed.")

The Fifth Circuit has not provided guidance on the scope of permissible substantive corrections but the majority of courts do not limit the type of changes a deponent may make.

Weeks listed substantive changes to his deposition testimony on the errata sheet and provided reasons for making the changes. (D.E. 33-1.) There is no argument that he failed to sign the errata sheet. *Id.* Because Weeks complied with the plain language of Rule 30(e), the court is not authorized to strike the errata sheet. Courts have found, however, that allowing substantive changes of the nature made by Weeks comes at a cost. Weeks's original testimony remains in the record along with the errata sheet. [Weeks] can be examined and cross-examined on both the original and the changed answers at trial.

*Weeks v. Nationwide Mut. Ins. Co.*, No. CV H-21-4138, 2023 WL 2021823, at *1 (S.D.

Tex. Feb. 15, 2023) (cleaned up).

The broad approach "place[s] no limit on the nature of the changes a witness

may make to the substance of his testimony," *Hernandez*, 336 F.R.D. at 535 (cleaned

up), and interprets Rule 30(e)(1) to "not place any responsibility on the district judge

to approve the changes made by deponents." *Glob. Mach.*, 2003 WL 25676467, at *6.

Rather, the district court may only strike errata that fail to comply with Rule

30(e)(1)'s procedural requirements, under which, within "30 days after being notified

by the officer that the transcript or recording is available," "if the deponent properly

makes 'changes in form or substance,' the deponent need only 'sign a statement listing

the changes and the reasons for making them.'" *Hernandez*, 336 F.R.D. at 536

(quoting FED. R. CIV. P. 30(e)(1)(B)). Rule 30(e)(1) "does not specify which changes are permissible or treat certain changes differently than others – it simply prescribes what action must be taken if the deponent makes 'changes in form or substance' to a deposition by oral examination." *Id.*

To do so and comply with Rule 30(e)(1)'s procedural requirements, the deponent (1) must make any changes to the deposition testimony within "30 days after being notified by the officer that the transcript or recording is available" and, to do so, (2) must "sign a statement" (a) "listing the changes and" (b) "the reasons for making them." FED. R. CIV. P. 30(e)(1).

As for the 30-day deadline, "[t]he Fifth Circuit has affirmed the exclusion of an untimely errata sheet, emphasizing that 'Rule 30(e) does not provide any exceptions to its requirements.'" *Nucor Corp. v. Requenez*, 578 F. Supp. 3d 873, 908 (S.D. Tex. 2022) (quoting *Reed*, 114 F. App'x at 611).

But courts have held that, "[u]nder appropriate circumstances, a district court may extend the thirty-day deadline." *Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*, 123 F. Supp. 3d 695, 704 (W.D. Pa. 2015). The United States Court of Appeals for the Third Circuit has explained that, considering "the phrasing of the rule," Rule 30(e)(1)

> provides that a party or deponent "must be allowed 30 days" to submit errata (the rule formerly stated that the party or deponent "shall have 30 days"). FED. R. CIV. P. 30(e)(1). The natural language of the rule, then, does not preclude courts from allowing more time upon a prior request or forgiving minor untimeliness after the fact. Instead, the rule grants courts discretion to do so under appropriate circumstances. While courts retain the authority to enforce the amendment window strictly, we leave the matter to their sound discretion to determine if and when extension

of the time limit is appropriate.

*EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 n.12 (3d Cir. 2010); *accord Welch v. Mercer Univ.*, 304 F. App'x 834, 838 (11th Cir. 2008) ("Welch does not dispute that she took more than sixty days, twice the allowed period, to offer her changes to the court reporter. Instead, Welch argues that her deposition was 327 pages long and that meticulously reviewing it took longer than thirty days. She did not ask the court for extra time to submit her errata sheet.").

And other courts have held the Rule 30(e)(1)'s 30-day deadline may be extended by obtaining the opposing party's consent. *See Owners Ins. Co. v. White*, No. 2:12-CV-00233-WCO, 2014 WL 12461045, at *6 (N.D. Ga. Jan. 23, 2014) ("Securing an extension from the court reporter is not the equivalent of getting opposing counsel's consent. Pursuant to Rule 30(e), Dunigan had thirty days from the date of his deposition to submit an errata sheet. Dunigan failed to submit his errata sheet within that thirty day window, and defendants did not consent to an extension. Therefore, Dunigan's errata sheet is untimely and shall be excluded."); *Nick v. Bethel*, No. 3:07-CV-0098 TMB, 2008 WL 11429309, at *8 (D. Alaska July 23, 2008) ("While FRCP 30(e) gives a party 30 days to submit an errata sheet to a deposition transcript, the parties in this case agreed to extend the review period to 40 days at the Plaintiffs' request.").

As for the requirement of a signed "statement listing the changes and the reasons for making them," the statement must be submitted to the court reporter by the required deadline. *See Reed*, 114 F. App'x at 611.

And, as for the requirement that the deponent provide "the reasons for making" any listed "changes in form or substance," some courts in this circuit "have held that the reasons for changes cannot be conclusory." *Joan Cravens, Inc v. Deas Constr. Inc.*, No. 1:15-CV-385-KS-MTP, 2016 WL 5794770, at *2 (S.D. Miss. Oct. 4, 2016) (citing *Riley v. Ford Motor Co.*, 2011 WL 3157204, at *4 (S.D. Miss. July 26, 2011) ("The federal courts in this state require more than conclusory, one-word 'reasons' for compliance with Rule 30(e)."); *Crawford v. Mare Mortgage, LLC*, 2006 WL 1892072, at *1 (S.D. Miss. July 10, 2006) (holding that the reasons provided for substantive changes – either "correction" or "clarification" – were inadequate); *Seahorn Investments, LLC v. Federal Insurance Company*, 2015 WL 11004898, at *2 (S.D. Miss. August 28, 2015) (holding that "clarification" was an insufficient explanation)"); *Mata v. Caring For You Home Health, Inc.*, 94 F. Supp. 3d 867, 872 (S.D. Tex. 2015) ("This Court does not explicitly adopt any of the three various approaches except to hold that a party cannot use Rule 30(e) to make substantive, contradictory changes to deposition testimony, at least when supported only by pro forma, conclusory reasons such as 'to clarify the record.' In the instant case, almost every 'corrected answer' proposed by Defendants wholly contradicts the deponent's original answer and is supported only by insufficiently vague and conclusory reasons for the change. For example, when asked, 'And that's the decision that you made. You're going to take the enhancement rate and pay that as salary to the attendants,' Torre originally answered, 'Yes.' (Dkt. No. 61 at 3). To alter the record and change the answer to 'No, as an enhancement,' as Defendants would have the Court do, the proposed change

must be supported by more than the proffered reason for the change: 'To clarify the record.'").

But other courts in this circuit have – consistent with the broad approach the Court has adopted as to the nature of permitted changes – followed the lead of the United States Court of Appeals for the Second Circuit, which held that "'[t]he language of the Rule places no limitations on the type of changes that may be made[,] ... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes' – even if those reasons 'are unconvincing.'" *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (quoting *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981) (citations omitted)); *see Poole v. Gorthon Lines AB*, 908 F. Supp. 2d 778, 785 (W.D. La. 2012) (citing and following *Podell* and *Lugtig*); *Sellers*, 2010 WL 11561515, at *2 (same); *Reilly*, 230 F.R.D. at 489-90 (same); *Veal v. Schlumberger Tech. Corp.*, No. CV H-04-3550, 2005 WL 8168709, at *2 (S.D. Tex. Aug. 10, 2005) (same); *Glob. Mach.*, 2003 WL 25676467, at *5 (citing and following *Lugtig*).

The Court concludes that this second line of authority, following *Podell* and *Lugtig*, properly "accords a plain meaning approach or literal interpretation to Rule 30 and, consequently, allows any change in form or substance regardless of whether convincing explanations support the change." *Betts v. Gen. Motors Corp.*, No. 3:04CV169-M-A, 2008 WL 2789524, at *2 (N.D. Miss. July 16, 2008).

Applying this "majority view, the Court will "not evaluate the credibility of the reasons cited by the deponent for changing his deposition but [will] merely ensure

-12-

that the deponent has complied with the technical aspects of the rule." *Id.* And, consistent with the understanding that Rule 30(e)(1) "allows any change in form or substance regardless of whether convincing explanations support the changes" but requires the deponent to "abide by the procedures set forth by the rules and include stated reasons for his proposed corrections," the Court interprets "reasons" to include any written statement in an errata sheet "explaining the deponent's reasons for making [each listed] change." *Id.* (cleaned up).

Following the Second Circuit's reasoning and the courts' decisions' adopting the broad approach, the Court will not, consistent with Rule 30(e)(1)'s language, examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes. And, so, the Court parts ways with the decisions in this circuit that strike errata sheets because the reasons stated for each change (including one-word statements such as "correction" or "clarification") are too conclusory or inadequate.

On the Court's reading of Rule 30(e)(1), any written statement in an errata sheet explaining the deponent's reasons for making each listed change – however insufficient, unreasonable, illegitimate, or unconvincing – are "reasons for making" "changes in form or substance." FED. R. CIV. P. 30(e)(1); *Podell*, 112 F.3d at 103.

## Analysis

### I.   Setliff Errata Motion

#### A.   Timeliness of Submitting Changes

Zoccam does not assert that the Court should strike Setliff's errata sheet because he submitted it after the 30-day deadline but rather because, "[d]espite being

given extensions to provide a compliant errata sheet, Setliff did not do so." Dkt. No. 204 at 12.

The Court will address that assertion below but holds that, with Zoccam's consent, Setliff timely submitted his errata sheet by his extended deadline.

### B. Nature of Changes

Zoccam contends that Rule 30(e)(1) should not permit Setliff to make "no less than 46 changes, nearly all of which were substantive and contradicted his deposition testimony or demonstrated an effort to elaborate or explain away an answer." Dkt. No. 204 at 12.

But, as the Court has explained, Rule 30(e)(1) permits Setliff to do just that.

### C. Reasons for Making Changes

Zoccam focuses most of its arguments on the adequacy of Setliff's stated reasons for his changes.

But, as the Court explained above, the Court will not examine the sufficiency, reasonableness, or legitimacy of the reasons that Setliff lists in his errata sheet for the changes in form or substance to his deposition testimony.

Setliff listed a "Reason" for every change to his testimony on the errata sheet, *see* Dkt. No. 204-4, and that satisfies Rule 30(e)(1)'s procedural requirement.

Because Setliff's errata sheet complies with Rule 30(e)(1)'s procedural requirements, the Court will not strike Setliff's errata sheet.

### D. Remedies and Safeguards

Zoccam alternatively contends that,

-14-

[i]n the unlikely event this Court declines to strike/disregard Setliff's errata sheet, Zoccam is entitled to certain remedies and safeguards to prevent Setliff's abuse in substantively contradicting his deposition testimony. ….

…[S]hould the Court elect the *Lugtig* approach, Setliff's original answers must stand and should he attempt to contend his errata sheet changes are his testimony, then Zoccam should be able to confront and impeach him with his original and actual testimony including placing his original testimony in the record. *Reilly*, 230 F.R.D. at 489 referencing *Lugtig*, 89 F.R.D. at 641. Specifically, Setliff's original answers must "remain part of the record and can be read at trial." *Id.* quoting <u>*Lugtig*</u>, 89 F.R.D. at 641. This will assist in precluding Setliff from abusing the deposition and litigation process by preventing Setliff from changing his testimony as he sees fit without consequence.

Second, Setliff's attempted material changes make his deposition, at minimum, incomplete and, more accurately, useless on the issues, allegations, and facts surrounding his proposed errata sheet without further testimony relating to his contradictory offerings. Setliff's errata sheet and testimony are hopelessly and substantively contradictory and Setliff provides no genuine and compliant explanation why. For example, Setliff admitted in his deposition that he breached the Settlement Agreement/SPA, provided misrepresentations regarding the SPA in order to obtain Zoccam stock and failed to disclose the Setliff Trust funds were used to purchase Zoccam stock, and the Setliff Trust owns the Zoccam stock. But now, his errata sheet says the opposite, making Setliff's deposition incomplete, if not useless. *See* Ex. 3, pp. 11-26; Ex. 4.

If Setliff's errata sheet is not stricken, Zoccam should be entitled to reopen Setliff's deposition because nearly all of the changes Setliff attempts to offer in his noncompliant errata sheet are substantively contradictory, going to the very heart of Setliff's claims, allegations, and/or defenses and likewise for Zoccam. *See Jackson*, 310 F.R.D. at 185-86; *Lugtig*, 89 F.R.D. at 641. At the very least, Zoccam should be permitted to confront and examine each change as well as the origin, basis, and detailed reasons for such changes. *Reilly*, 230 F.R.D. at 490.

Because Setliff is the one who made these overwhelming and contradictory changes, Setliff should bear all costs of reopening the deposition including the court reporter, attorney's fees including preparation and deposition time, and any other related costs. *Id.* Setliff's reopened deposition should take place in-person at Zoccam's counsel's office, since Setliff's original deposition took place in-person at Setliff's counsel's office. This remedy is particularly appropriate given the number and substance of the changes presenting contradictory responses to questions directed to the very essence of Setliff's claims,

-15-

defenses, allegations, and issues.

Dkt. No. 204 at 17-19 (cleaned up).

Setliff agrees that the first safeguard is appropriate but argues that Zoccam has not made the showing to support imposing the second safeguard. *See* Dkt. No. 219 at 3, 9-10, 18.

The Court cannot fully agree with Setliff on this score.

First, Setliff's original testimony – consistent with the mechanics that Rule 30(e)(2) dictates – will remain part of the record and available for Zoccam to use and read at trial. *Accord Sellers*, 2010 WL 11561515, at *2.

Second, the scope of Setliff's changes and the breadth of explanation in his stated reasons warrant – for the reasons that Zoccam asserts – ordering that Zoccam will be permitted to reopen Setliff's deposition to allows the deposing counsel to ask further questions regarding the changes and inquire about the origin and reasons for the changes – and ordering that costs and attorney's fees will be assessed against Setliff to cover the cost of this reopened deposition to take place (like the original) in person at Zoccam's counsel's office. *Accord Atlin*, 2009 WL 306173, at *3; *Reilly*, 230 F.R.D. at 491-92. Zoccam may file a fee application for its reasonable attorneys' fees and costs after the reopened deposition.

## II.    Waller Errata Motion

### A.  Timeliness of Submitting Changes

Waller timely submitted her errata sheet, and Zoccam does not deny that she complied with that procedural requirement.

-16-

### B. Nature of Changes

Zoccam contends that Rule 30(e)(1) should not permit Waller to make changes to her deposition testimony that are "substantive and/or adding to her original answer." Dkt. No. 207 at 4.

But, again, as explained above, Rule 30(e)(1) permits Waller to do so.

### C. Reasons for Making Changes

Zoccam's primary argument in the Waller Errata Motion is that Waller's "reasons for change almost exclusively were one word conclusions – 'clarification' or 'correction'" and that Waller's "'changes' did not comply with Fed. R. Civ. P. 30(e) in providing a specific reason(s) for each change in her deposition testimony." Dkt. No. 207 at 4-5 (cleaned up).

But, again, as the Court explained above, the Court will not examine the sufficiency, reasonableness, or legitimacy of the reasons that Waller's errata sheet lists for the changes in form or substance to her deposition testimony.

Waller listed a "Reason" for every change to her testimony on the errata sheet, *see* Dkt. No. 207-1, and that satisfies Rule 30(e)(1)'s procedural requirement.

Because Waller's errata sheet complies with Rule 30(e)(1)'s procedural requirements, the Court will not strike Waller's errata sheet.

### D. Remedies and Safeguards

Zoccam again alternatively contends that,

[i]n the unlikely event this Court declines to strike/disregard Joan's errata sheet, Zoccam is entitled to certain remedies and safeguards to prevent Joan's abuse in substantively contradicting and/or adding to her answers in her deposition testimony. ....

…[S]hould the Court elect the *Lugtig* approach, Joan's original answers must stand and should she attempt to contend her errata sheet changes are her testimony, then Zoccam should be able to confront and impeach her with her original and actual testimony including placing her original testimony in the record. *Reilly*, 230 F.R.D. at 489 referencing *Lugtig*, 89 F.R.D. at 641. At minimum, Joan's original answers must "remain part of the record and can be read at trial." *Id.* quoting *Lugtig*, 89 F.R.D. at 641. This will assist in precluding Joan and Setliff from abusing the deposition and litigation process by preventing Joan from changing her testimony as she sees fit without consequence.

Second, Joan's attempted material changes make her deposition, at minimum, useless on many issues, allegations, and facts surrounding her proposed errata sheet. Joan's errata sheet and testimony are substantively contradictory and/or add to her answers and Joan provides no genuine and compliant explanation why. At minimum, Setliff should be precluded from offering any errata sheet changes for any summary judgment motion or response.

Dkt. No. 207 at 12-13 (cleaned up).

Setliff agrees that the first safeguard is appropriate but argues that Zoccam has not made the showing to support imposing the second requested remedy. *See* Dkt. No. 219 at 3, 9-10, 18.

The Court agrees.

Waller's original testimony – consistent with the mechanics that Rule 30(e)(2) dictates – will remain part of the record and available for Zoccam to use and read at trial. *Accord Sellers*, 2010 WL 11561515, at *2.

But Zoccam has not shown that the Court should preclude Setliff from using Waller's testimony and errata sheet as part of any summary judgment motion or response. Her errata sheet complies with Rule 30(e)(1) and so is not subject to being stricken, whether for all purposes in this case or only in connection with summary judgment.

-18-

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Zoccam's Motion to Strike Plaintiff's Errata Sheet to His November 29, 2022 Deposition [Dkt. No. 204] and GRANTS in part and DENIES in part Zoccam's Motion to Strike Joan Waller's Errata Sheet to Her January 4, 2023 Deposition [Dkt. No. 207].

SO ORDERED.

DATED: March 24, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE